Teodora Soto. The exterior boundaries, within which the election is to be made remain to be considered. The only serious question appears to be with regard to the eastern boundary. The boundaries mentioned in the grant are: the mouth of Cañada del Pinole, thence eastwardly with the same to the Corral de Galinde, and from this point to the Cañada del Hambre, and along or through it ("por ella") to the straits, and terminating at the mouth of "El Pinole." It is urged that by the terms of the grant, and from the language of the petition, it is plain that the land was bounded by, but did not include, the Cañada del Hambre. In the last act of the expediente given in the printed brief filed by the counsel for Teodoro Soto the petition is translated so as to read that: "The extent of land solicited appears large; but the greater part is not fit for pasturage, being composed of stony hills and marshy lands. The last sitio solicited lies in the direction of the Siscar and Cañada del Hambre, which is the place the cattle most resort to, as is known to all the neighbors." But this translation is evidently inaccurate. Martinez makes no mention of the last sitio. He says the quantity of land may appear too great; but the greater portion is unfit for pasturage. The best part is on the side of the Siscar and Cañada del Hambre, etc. The petitioner had already mentioned that his last grant from Arguello had been for three leagues, "which were the Cañada del Pinole and that called 'Del Hambre,' on the Straits of Carquinez, and looking toward the Bay of Sonoma, as far as the mouth of the Cañada Pinole," as shown by the accompanying map. This same land he again solicits, with the addition of another sitio. On the map, the Cañada del Hambre is distinctly represented, and its name inscribed upon it. That the sitios first granted included that cañada is expressly stated in the petition, and it is also stated that owing to the loss of his document he is obliged to present a new petition for the same place. The excuse assigned for asking for the large quantity of four leagues is that the greater portion is unavailable, the best part being on the side of the Siscar and the Del Hambre. It is plain that he could not have intended to exclude from his application lands embraced in his previous grant, and which he specifies as the best part of the tract solicited in his second application. The grant has been translated as bounding the lands by the Cañada del Pinole, thence eastwardly with the same to the Corral de Galinde, thence to the Cañada del Hambre, thence to the straits, and thence to the mouth of the Cañada del Pinole. But, in fact, the grant does not call for the cañada as a boundary on such terms as would exclude it. The language is, "from that point (i. e. the Corral de Galinde) to the Cañada del Hambre, and through it or along it to the straits,"—precisely the same expression as is used with reference to Cañada del Pinole, which is on all hands admitted to be included in the grant.

Looking at the terms of the grant alone, I can see no reason why both cañadas must not be excluded if either be, for both are mentioned as boundaries, and the line is said to run with respect to each, "por ella" or por "la misma." But even if the intention of the petitioner or that if the governor were doubtful, the document issued on the same day, in which it is ordered that Teodora Soto be informed that her application for the Cañada del Hambre is inadmissible, as that that cañada belongs to Pinole, would seem to be decisive. If, in addition, we consider that on the diseño of Las Juntas the Arroyo del Hambre is distinctly delineated as the boundary between the two ranchos, the lands to the west of it being inscribed "Terreno de Martinez," together with the fact testified to by all the witnesses that the Arroyo del Hambre was universally recognized as forming the common boundary line of El Pinole and Las Juntas, no doubt can, I think, be entertained, that portion of the Cañada del Hambre lying to the west of the arroyo was included within the exterior limits of the Pinole.

It is said that if any of the cañada be included all must be, and the adoption of the arroyo as a boundary is purely arbitrary. The cañada in question is a long and narrow valley, not exceeding, in average width, a few hundred yards. Throughout the greater part of its course the Arroyo del Hambre, after entering the cañada, flows along the base of the eastern hills, leaving by far the larger portion of the valley on the west of it. The adoption, therefore, of a well known object like an arroyo as the boundary would be most natural, as it left almost all the cañada to Martinez, and satisfied the call of his grant, which required him to run through it "por ella" to the straits. In the subsequent grant for Las Juntas, the arroyo is expressly designated as the boundary of the latter, and the line so fixed has been recognized and adopted from that day to this. It appears to me, therefore, that the claimants of Pinole have the right to locate four leagues of land at their election, within the exterior limits, as ascertained in this opinion, viz., the Cañada del Pinole, thence along or through it to the Corral de Galinde thence to the Arroyo del Hambre, thence to the straits, and thence along the bay to the mouth of the Cañada del Pinole. When their election shall have been made, the enquiry will still be open whether they have exercised their right conformably to the rules and principles by which the right of election, in such cases, is governed.

## Case No. 16,157.

UNITED STATES v. RICHARDSON.

[See Case No. 16,156.]